| | |
|---|---|
| Abhilash M. Raval | Fabiana Y. Sakai[1] |
| Lauren C. Doyle | MILBANK LLP |
| Dennis C. O'Donnell | Rua Colômbia, 325 |
| MILBANK LLP | CEP 01438-000 |
| 55 Hudson Yards | São Paulo, SP |
| New York, NY 10001 | Brazil |
| (212) 530-5000 | +55 11.3927.7781 |

*Counsel for the Petitioner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) ) | |
| USINA DE AÇÚCAR SANTA TEREZINHA LTDA., | ) ) ) ) | Case No. 19-11199 (MEW) |
| Debtor in a Foreign Proceeding. | ) ) | Chapter 15 |
| In re: | ) ) ) | |
| USACIGA – AÇÚCAR, ÁLCOOL E ENERGIA ELÉTRICA LTDA., | ) ) ) ) | Case No. 19-11200 (MEW) |
| Debtor in a Foreign Proceeding. | ) ) | Chapter 15 |

**PETITIONER'S MOTION FOR ORDER DIRECTING JOINT
ADMINISTRATION OF THE ABOVE-CAPTIONED CHAPTER 15 CASES
PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 1015(b)**

ANDREW B. JÁNSZKY, in his capacity as the duly authorized foreign representative (in such capacity, the "Petitioner") of each of the above-captioned foreign debtors (the "Foreign Debtors" and, collectively with their direct and indirect subsidiaries and their holding company Santa Terezinha Participações S.A., the "Company" or the "UST Group")[2] with

---

[1] Not admitted to practice in the United States District Court for the Southern District of New York.

[2] The other entities that comprise the UST Group are not Foreign Debtors. A list of the UST Group entities that commenced the RJ (as defined herein), along with the Individual Guarantors (as defined herein), is listed on

respect to the *recuperação judicial* proceedings (collectively, the "Brazilian Proceeding" or the "RJ") filed on March 22, 2019, and currently pending before the 4th Civil Court in the city of Maringá, State of Paraná, Brazil (the "Brazilian Court"), hereby moves (this "Motion"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), directing the joint administration of these chapter 15 cases (these "Chapter 15 Cases") for procedural purposes only.

In support of this Motion, the Petitioner respectfully refers the Court to the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition" and, together with the Voluntary Petition Forms filed at [ECF No. 1] in each Chapter 15 Case, the "Petition"), which is being filed contemporaneously herewith and is incorporated herein by reference. In further support of the Motion, the Petitioner respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

---

Exhibit A to the Jánszky Declaration. Sidney Samuel Meneguetti was a named petitioner in the RJ Petition, but was not granted RJ relief in the RJ Acceptance Order.

2

## BACKGROUND

2.  The Petitioner respectfully refers the Court to the Verified Petition, which contains the relevant facts and circumstances, including a description of the Foreign Debtors' businesses, corporate, and capital structures, and the circumstances leading up to the commencement of these Chapter 15 Cases in relation to the Brazilian Proceeding,[3] which is currently pending before the Brazilian Court.

## RELIEF REQUESTED

3.  By this Motion, the Petitioner seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), directing the joint administration of these Chapter 15 Cases for procedural purposes only.

4.  The Petitioner also requests that the Court authorize the use of a combined notice list for the jointly administered cases and that combined notices be sent to the Foreign Debtors' creditors and other parties in interest, as applicable.

## BASIS FOR RELIEF

5.  Bankruptcy Rule 1015(b) provides, in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As the Verified Petition makes clear, the Foreign Debtors are "affiliates," as that term is defined in the Bankruptcy Code. *See* 11 U.S.C. § 101(2). The Petitioner has filed an Official Form 401(Chapter 15 Petition for Recognition of a Foreign Proceeding) with respect to each Foreign Debtor. As such, "two or more petitions are pending" in this Court within the

---

[3] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Verified Petition.

meaning of such phrase as used in Bankruptcy Rule 1015(b).  Additionally, joint administration pursuant to Bankruptcy Rule 1015(b) is not limited to plenary cases, and the requested relief will promote the efficient administration of these Chapter 15 Cases, one of the stated purposes of chapter 15.  *See* 11 U.S.C. § 1501(a)(3).

6. Courts have granted joint administration of chapter 15 cases based solely upon Bankruptcy Rule 1015(b).  *See, e.g.*, *In re OAS S.A.*, No. 15-10937 [ECF No. 13] (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 [ECF No. 9] (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Cline Mining Corp.*, No. 14-26132 [ECF No. 15] (EEB) (Bankr. D. Colo. Dec. 4, 2014); *In re Essar Steel Algoma Inc.*, No. 14-11730 [ECF No. 27] (BLS) (Bankr. D. Del. July 17, 2014); *In re Cinram Int'l Inc.*, No. 12-11882 [ECF No. 27] (KJC) (Bankr. D. Del. June 26, 2012). As such, the Court has authority to enter the Proposed Order pursuant to Bankruptcy Rule 1015(b).

7. In addition, the Petitioner submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code, made applicable in chapter 15 cases pursuant to section 103(a) of the Bankruptcy Code, permits this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). *See In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions'") (citing *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 97 (2nd Cir. 2010)); *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules)

(citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616 (2d. Cir. 1999)). The relief requested herein is consistent with and furthers the purpose of the Bankruptcy Code. Therefore, the Court has additional authority under section 105(a) of the Bankruptcy Code to enter the Proposed Order directing the joint administration of these Chapter 15 Cases.

8. The Verified Petition establishes that joint administration of these Chapter 15 Cases is warranted because:

- the Foreign Debtors' financial affairs and business operations are closely related;

- each Foreign Debtor is party to the Brazilian Proceeding, which is a single, jointly administered reorganization proceeding; and

- the joint administration of the Chapter 15 Cases will ease the administrative burden on this Court and parties in interest.

9. Moreover, granting the relief requested herein will limit the costs associated with these Chapter 15 Cases, resulting in savings that the Foreign Debtors can use for their continued operations and thus for the preservation of the Foreign Debtors' businesses as going concerns. Additionally, by granting this Motion, the Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files for each of the Foreign Debtors' cases. Finally, the rights of the Foreign Debtors' creditors will not be affected by the joint administration of these cases, as this Motion requests consolidation for procedural purposes only.

10. As such, the Petitioner respectfully requests that the caption of each of the Chapter 15 Cases be modified to reflect their joint administration as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| USINA DE AÇÚCAR SANTA TEREZINHA LTDA., *et al*., | ) ) ) ) | Case No. 19-11199 (MEW) |
| | ) | (Joint Administration Requested) |
| Debtors in a Foreign Proceeding.[1] | ) ) | |

---

[1] The Foreign Debtors in these chapter 15 cases (these "Chapter 15 Cases") are: (i) Usina de Açúcar Santa Terezinha Ltda. ("UST"); and (ii) USACIGA – Açúcar, Álcool e Energia Elétrica Ltda. ("USACIGA").

11. The Petitioner also requests that the Court direct that the following statement be entered on the docket of each of the Chapter 15 Cases to reflect their joint administration:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of (i) Usina de Açúcar Santa Terezinha Ltda. and (ii) USACIGA – Açúcar, Álcool e Energia Elétrica Ltda. The docket in Usina de Açúcar Santa Terezinha Ltda., Case No. 19-11199, should be consulted in all matters affecting or related to this case.

## NO PRIOR REQUEST

12. No prior motion for the relief sought herein has been made by the Petitioner to this Court or any other court.

## NOTICE

13. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2 and (ii) the Chapter 15 Notice Parties as enumerated in Exhibit 2 to the proposed order annexed to the *Motion for an Order (I) Scheduling Hearing and (II)*

*Specifying Form and Manner of Service of Notice*, which is filed contemporaneously herewith. The Petitioner submits that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, the Petitioner respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, directing the joint administration of these Chapter 15 Cases and granting such further relief to the Foreign Debtors as the Court deems just and proper.

New York, New York
Dated: April 18, 2019

/s/ *Lauren C. Doyle*
Abhilash M. Raval
Lauren C. Doyle
Dennis C. O'Donnell
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5000

Fabiana Y. Sakai
MILBANK LLP
Rua Colômbia, 325
CEP 01438-000
São Paulo, SP
Brazil
+55 11.3927.7781

*Counsel for the Petitioner*

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> USINA DE AÇÚCAR SANTA TEREZINHA LTDA., <br><br> Debtor in a Foreign Proceeding. | Case No. 19-11199 (MEW) <br><br> Chapter 15 |
| In re: <br><br> USACIGA – AÇÚCAR E ÁLCOOL E ENERGIA ELÉTRICA LTDA., <br><br> Debtor in a Foreign Proceeding. | Case No. 19-11200 (MEW) <br><br> Chapter 15 |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES

Upon the motion (the "Motion")[1] by the Petitioner in the above-captioned chapter 15 cases seeking entry of an order, pursuant to section 105(a) of the Bankruptcy Code and rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of these Chapter 15 Cases for procedural purposes only; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper in this District pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided, and no other or further notice being necessary; and the Court having reviewed and considered the Motion and the Verified Petition; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

establish just cause for the relief granted herein; and the relief requested in the Motion being in the best interest of the Foreign Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 15 Cases hereby are consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Pleadings in these Chapter 15 Cases shall be required to bear a caption substantially in the following form:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| USINA DE AÇÚCAR SANTA TEREZINHA LTDA., *et al.*, | ) ) | Case No. 19-11199 (MEW) |
| | ) | |
| Debtors in a Foreign Proceeding.[1] | ) ) | (Jointly Administered) |

---

[1] The Foreign Debtors in these chapter 15 cases (these "Chapter 15 Cases") are: (i) Usina de Açúcar Santa Terezinha Ltda. ("UST"); and (ii) USACIGA – Açúcar e Álcool e Energia Elétrica Ltda. ("USACIGA").

4. The consolidated caption satisfies the requirements of Section 342(c) of the Bankruptcy Code in all respects.

5. A docket entry shall be made by the Clerk of the Court in each of these Chapter 15 Cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of (i) Usina de Açúcar Santa Terezinha Ltda. and (ii) USACIGA – Açúcar, Álcool e Energia Elétrica Ltda. The docket in Usina de Açúcar Santa Terezinha Ltda., Case No. 19-11199, should be consulted in all matters affecting or related to these cases.

6. The Petitioner (or any lawful successor(s) thereto) is authorized to: (i) utilize a combined service list for the Foreign Debtors' jointly administered cases; and (ii) send combined notices to creditors of the Foreign Debtors' estates and other parties in interest, as applicable.

7. The Petitioner (or any lawful successor(s) thereto) is authorized and empowered to take any actions as may be necessary and appropriate to implement and effectuate the terms of this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this order.

Dated: April [__], 2019
      New York, New York

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE